UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TYRONE MASSEY,

                        Plaintiff,                        ORDER

            -against-                        20-CV-7621(AT)(KNF)

CORRECTION OFFICER MICHELE # 110201
CITY OF NEW YORK NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

                      Defendants.
------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      In a letter addressed to the chief district judge dated March 16, 2021, the plaintiff, who is appearing pro se, requested that the Court: 1) provide pro bono counsel to him to assist with discovery; 2) issue an injunction directing municipal corrections personnel, in the facility where the plaintiff is held, to use body cameras and handheld cameras while performing escort and search assignments; 3) grant him an extension of time with respect to all lawsuits he has pending in the court, because the lawsuits are complex; and 4) send to him a copy of the complaint filed in this action and the last court order issued for this action, because a January 27, 2021 fire in his jail's housing area caused damage to, and the loss of, his complaint and associated litigation paperwork.

      No need to search for and request pro bono counsel to assist the plaintiff exists at this juncture because it appears to the Court, from the face of the complaint, that the plaintiff's claim that the defendants have not provided him with medical care may not have merit. This is so because the complaint indicates that the plaintiff was taken to a hospital for treatment of his medical conditions. In addition, a motion to dismiss is pending which the plaintiff has not opposed, and the time for doing so has elapsed. The plaintiff's request for injunctive relief, made via a letter, is procedurally flawed. This is so because a request for injunctive relief is not among the applications that can be made via a letter motion. See Local Civil Rule 7.1(d) of this court. Therefore, granting that request is not warranted. The plaintiff's request for an extension of time, as it relates to the instant action, is vague. The plaintiff fails

to explain why the extension is needed while the motion to dismiss, to which he has not responded, is pending. Without that explanation, no basis exists for the Court to grant the request. The plaintiff's request for a copy of his complaint and the last order issued in connection with this action is, under the circumstances described by the plaintiff, reasonable; therefore, the request is granted.

For the reasons set forth above, the requests made by the plaintiff in his March 16, 2021 letter, as they pertain to this action, are denied, except the requests for a copy of the complaint and the last order issued in connection with this case. **The Clerk of Court is directed to mail to the plaintiff a copy of: 1) the complaint, Docket Entry No. 2; 2) the order appearing at Docket Entry No. 20; and 3) this order.**

Dated:  New York, New York
        April 22, 2021

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE